UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEFANIE A. DAVIS,

                Plaintiff,

     v.

NYS DEPARTMENT OF CORRECTIONS,

                Defendant.
_____

DECISION & ORDER

10-CV-6641L

By order dated March 1, 2011, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 6). *Pro se* plaintiff Stefanie A. Davis has filed this lawsuit against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that defendant discriminated against her on the basis of her race and sex. (Docket # 1). Currently before this Court are two motions by plaintiff for the appointment of counsel. (Docket ## 7, 11).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 42 U.S.C. § 2000e-5(f)(1), a court may appoint an attorney to represent a complainant in a Title VII action. *See, e.g.*, Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004). Such assignment of counsel is clearly within the judge's discretion. *Id.* The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

        The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor[,]" *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

        For the purpose of these motions, the Court will accept plaintiff's representation that she is unable to afford other private counsel. The Court is unable to ascertain, however, at this early stage of the litigation, whether plaintiff's claims likely have merit. In any event,

2

plaintiff has failed to demonstrate that her case is complex or that she will be unable to litigate adequately her claims without assistance of counsel. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 ("every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."). Based on this review, plaintiff's motions for appointment of counsel **(Docket ## 7, 11)** are **DENIED** without prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

In addition, plaintiff has moved for an extension of the deadlines in this Court's scheduling order. **(Docket # 11)**. Good cause having been shown, that application is **GRANTED** and this Court's May 3, 2011 Scheduling Order (Docket # 8) shall be amended as follows:

1. All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, shall be completed on or before **August 25, 2011**.

2. All motions to join other parties and to amend the pleadings shall be filed on or before **October 27, 2011**. Any third party action shall be commenced on or before **October 27, 2011**.

3. The **status conference** scheduled to be held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on February 8, 2012, at 11:40 a.m., is adjourned until **April 4, 2012**, at **11:40 a.m.**, to discuss the status of the case and the possibility of settlement.

      4.      All factual discovery in this case, including depositions, shall be completed on or before **April 16, 2012**. All motions to compel discovery shall be filed at least thirty (30) days <u>prior</u> to the factual discovery cutoff.

      5.      Dispositive motions, if any, shall be filed no later than **June 14, 2012**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Larimer. **<u>NOTE</u>: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

      6.      A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled.

      At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

      (1)      <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

    (2)    <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

    (3)    <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

    (4)    <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

                                <u> s/Marian W. Payson           </u>
                                          MARIAN W. PAYSON
                                    United States Magistrate Judge

Dated: Rochester, New York
       July  <u> 8  </u>, 2011

## *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  **THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION** by filing his/her own sworn affidavits or other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint.  Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial.  Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits.  Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant.  If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true.  Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence.  In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted.  A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.