UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEFANIE A. DAVIS,

           Plaintiff,

    v.

NYS DEPARTMENT OF CORRECTIONS
ATTICA CORRECTIONAL FACILITY P.O.
BOX 149 ATTICA, NY 14011,

           Defendant.

_____

**ORDER**

10-CV-6641 EAW

On December 5, 2014, the Court entered an Order to Show Cause (Dkt. 41) directing Plaintiff Stefanie A. Davis to show cause, on or before January 9, 2015, why this matter should not be dismissed for failure to prosecute. On January 9, 2015, Plaintiff delivered a letter to the Court stating that she had recently moved and had been suffering from serious medical problems, and asking the Court to permit her to file a motion showing why the action should not be dismissed. (Dkt. 44). The Court deems this letter a response to the Order to Show Cause and holds that this action will not be dismissed for failure to prosecute at this time.

Defendant has filed a motion for leave to file a renewed motion for summary judgment. (Dkt. 42). The Court entered a scheduling order with respect to Defendant's motion setting a response deadline of January 16, 2015. (Dkt. 43). Plaintiff's letter requests an extension of this deadline. The Court grants this request and extends the

response deadline to January 30, 2015.  Plaintiff must file any opposition papers to Defendant's motion on or before that date.

Plaintiff's letter appears to indicate that she believes she is obligated to file her own motion in order to oppose Defendant's motion and/or in response to the Order to Show Cause.  The Court encourages Plaintiff to refer to the Western District of New York's Pro Se Litigation Guidelines, a copy of which is attached to this order, with respect to the appropriate circumstances in which to file a motion.  If Plaintiff has any questions regarding the process for responding to Defendant's motion, she may direct them to the *Pro Se* Office.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 12, 2015
        Rochester, New York

# PRO SE LITIGATION GUIDELINES



*United States District Court*
*Western District of New York*
*September, 1996*
*Revised August 2013*

Foreword.............................................................................................. iv
**A Federal Lawsuit.** ............................................................................... 1
    Jurisdiction of the United States District Court. .......................................... 1
**Electronic Filing.** ................................................................................ 1
    Where to File. ................................................................................ 2
    Filing Fees. ................................................................................... 2
    *In Forma Pauperis*. ......................................................................... 3
    Assignment of Cases. ....................................................................... 3
    What to File. ................................................................................. 3
    The Complaint. .............................................................................. 4
    The Summons. ............................................................................... 7
    Instructions for Completing the Summons Form. ........................................ 7
    Service of Process in Federal Court. ....................................................... 7
    Waiver of Service of Summons and Complaint. .......................................... 8
    Proof of Service. ............................................................................ 9
**Responses to the Complaint.** ................................................................ 10
    The Answer. ................................................................................ 10
    Motions Against the Complaint. ......................................................... 10
**Motions.** ......................................................................................... 11
**Dismissals for Failure to Pursue the Lawsuit.** ........................................... 15
**Discovery.** ...................................................................................... 16
    Scheduling Conference/Order. ........................................................... 16
    Filing of Discovery. ....................................................................... 17
    Initial (Mandatory) Disclosures. ......................................................... 17
    Depositions. ................................................................................ 17
    Interrogatories to Parties. ................................................................. 19
    Production for Inspection of Documents. ................................................ 19
    Physical or Mental Examinations. ....................................................... 20
    Requests for Admissions. ................................................................. 20
    Requests for Subpoenas. .................................................................. 21
**Amendment of Pleadings During or After Discovery.** ................................... 22
**Ending the Case Without a Trial.** ........................................................... 23
    **Summary Judgment.** .................................................................... 23
    **Settlement.** .............................................................................. 24
**Trial.** ............................................................................................ 25
    Pretrial Procedures. ....................................................................... 25
    Function of Judge and Jury. .............................................................. 25
    Opening Statements. ...................................................................... 26
    Direct and Cross Examination of Witnesses. ........................................... 26
    Federal Rules of Evidence. ............................................................... 27
    Objections. ................................................................................. 28
    Closing Statements. ....................................................................... 28
    Jury Instructions. .......................................................................... 28
    Costs. ....................................................................................... 29
**Appeals.** ........................................................................................ 30
    Initiating an Appeal. ...................................................................... 30
**General Information.** .......................................................................... 32

Privacy Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
Sealing Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
Habeas Corpus Petitions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37
Social Security Appeals. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39
Title VII Employment Discrimination Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

# FOREWORD

### Read This Before Filing a Case

## GUIDELINES FOR PRO SE LITIGANTS
## IN THE WESTERN DISTRICT OF NEW YORK

These guidelines are designed to help pro se litigants (persons who represent themselves in lawsuits) become familiar with the rules and procedures which must be followed in the United States District Court for the Western District of New York. Lawsuits in federal court go through a number of steps from the time they are filed until they are ultimately resolved by a judge, a jury or through settlement. These guidelines summarize the procedures concerning where and how to file the necessary legal papers, the exchange of information between opposing parties, trial preparation, and certain other legal procedures which you and your opponent may need to use before your case is finally resolved.

This summary is intended only as a general guide and is not exhaustive. Where applicable, the guidelines cite to the actual rules governing procedure in the federal courts generally and the Local Rules which are used in the Western District of New York. This summary does not take the place of or relieve a pro se litigant of the responsibility for complying with the Local Rules, the Federal Rules of Civil Procedure, or any other obligations imposed by the law.

The Local Rules of Civil Procedure and the various forms needed for filing a case pro se (these forms are discussed in detail below) may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Court's Pro Se Office, and from the Western District of New York's web site at <http://www.nywd.uscourts.gov>. The Pro Se Office may be reached by telephone at (716) 551-1760 (Buffalo Division) or (585) 613-4000 (Rochester Division). The Clerk's Office telephone numbers are (716) 551-1700 (Buffalo Division) and (585) 613-4000 (Rochester Division).

## A Federal Lawsuit

Jurisdiction of the United States District Court

In order for a federal court to hear a case, it must have jurisdiction over the particular action and the parties to the action.  Federal court jurisdiction may be based on either (1) a federal question or (2) diversity of citizenship.  A federal question case is one that alleges that a federal law, either a statute or a federal constitutional provision, has been violated.  A case's federal jurisdiction is based on diversity of citizenship when the parties reside in different states and the amount in controversy is $75,000 or more.  In New York State, the Supreme Court of the State of New York is the court of general jurisdiction -- it can hear and decide any kind of legal controversy between two parties.  Therefore, if there is no federal statute or federal constitutional provision governing your situation, and you and the defendant are citizens of the same state, you should consider bringing your action in state court.


## Electronic Filing

The United States District Court for the Western District of New York utilizes a Case Management and Electronic Case Filing (CM/ECF) system which requires all documents submitted to the court be filed electronically and, thereby, made available on the internet through a file access system called PACER.  **Pro se litigants may file documents electronically if they have been granted permission to do so.  In all other instances, they must file hard-copies of all documents with the Clerk's Office.  All pro se litigants must be aware that  all documents filed by them (except in Social Security Appeals, *see* pp. 36-37) are electronically scanned by the Clerk's Office and can be accessed by anyone on the internet with a PACER account. Accordingly, all litigants must be careful not to include personal and confidential information in their documents without first redacting it (crossing out) because those documents may be accessed by the public on the internet.  (Note: All case files are available at the Clerk's Office for review by anyone unless the case file or a particular document have been ordered sealed by the Court).** For specific information and directions regarding electronic case filing and privacy concerns, including directions on how to redact personal and confidential information and how to ask the Court to seal a case file or specific document, *See* the Court's Privacy Notice, pp. 36-37.  The Court's Privacy Notice can also be obtained from the Clerk's Office and on the Court's website.

**Beginning a Lawsuit**

Where to File

The United States District Court for the Western District of New York comprises two divisions: Buffalo and Rochester.  Generally, a case must be filed in the division where the defendant resides or where the claim arose.  In cases based on diversity of citizenship (i.e., when the plaintiffs and defendants are residents of different states), suit may be brought in the division where the plaintiff resides.  However, because pro se cases are randomly assigned, your case may be heard by a judge located in either division.

The Buffalo Division includes the counties of Allegany, Cattaraugus, Chautauqua, Erie, Genesee, Niagara, Orleans and Wyoming.

The Rochester Division includes the counties of Chemung, Livingston, Monroe, Ontario, Schuyler, Seneca, Steuben, Wayne and Yates.

The complaint and other pleadings filed **must** be delivered or mailed to the Clerk's office in the appropriate division at the addresses listed below.  **Do not** send papers concerning your case directly to the judge.

| | |
|---|---|
| Buffalo Division: | Rochester Division: |
| Office of the Clerk | Office of the Clerk |
| United States Courthouse | 2120 United States Courthouse |
| 2 Niagara Square | 100 State Street |
| Buffalo, New York 14202 | Rochester, New York 14614-1387 |
| (or deliver to the Intake Clerk located on | (or deliver to the Intake Clerk located on |
| the 2nd floor). | the 2nd floor). |

Filing Fees

In order to file the completed complaint and other necessary papers, you must pay a filing fee  (Please view fees on our web site at www.nywd.uscourts.gov or ask the Clerks Office for a copy of the fee schedule) .  If you pay in person, you may pay  by check or money order.  If you file by mail, you may send a money order or check made out to "Clerk, United States District Court."  The court does not accept payment by credit card.  The filing fee for habeas corpus petitions is $5.00.  *See*, pp. 37-38.

## In Forma Pauperis

A plaintiff who cannot prepay the filing fee may request to proceed *in forma pauperis*. The request must be submitted with the complaint and must be accompanied by an affidavit setting forth the plaintiff's financial resources. Form affidavits may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Court's Pro Se Offices, and from the Western District Court web site at <http://www.nywd.uscourts.gov>. A statute enacted in 1996 affected *in forma pauperis* status for prisoners. As a result prisoners, even though they are granted *in forma pauperis* status, must still pay the filing fee, but over a period of time out of their prisoner account. However, the filing of the lawsuit will not be delayed because the prisoner has no money in his or her prisoner account. 28 U.S.C. § 1915 (b)(1) and (4).

## Assignment of Cases

Civil cases are assigned at random to the judges of the district court. Local Rule 7.1. Assignments are made so that no party or lawyer may choose the judge to whom the case is assigned. All cases filed by a pro se plaintiff/petitioner shall be assigned to the same judge or magistrate judge to whom a previously filed case by the same plaintiff/petitioner was assigned.

## What to File

A **Civil Cover Sheet** (JS-44) must be filled out and submitted with your **complaint**, along with the **Summons in a Civil Action** form (AO-440) (one original and a copy for each defendant). Civil cover sheets may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Court's Pro Se Offices, and from the Western District Court web site at <http://www.nywd.uscourts.gov>. Instructions for filling them out are as follows:

(1)    Your name as the Plaintiff.

(2)    The names of the people you are suing as the Defendants.

(3)    Fill in your county and one defendant's county.

(4)    Under "Plaintiff's Attorney" put "Pro Se," your name, prisoner number if applicable, and address.

(5)    Leave "Defendant's Attorney" blank.

(6)    Under "Basis of Jurisdiction," check the appropriate block. (*See* INSTRUCTIONS)

(7)    Under "Citizenship" (residence) fill in the appropriate information, if Basis of Jurisdiction is Diversity. Otherwise, leave blank.

(8)     Under "Nature of Suit" check the appropriate box.

(9)     Under "Origin," check box 1: "Original Proceeding."

(10)    Under "Cause of Action," put the statute you cited in your complaint's jurisdictional statement.

(11)    Under "Requested in Complaint," write in the amount of money you are suing for, and check the appropriate box after "jury demand."

(12)    List all related cases, by Court and Docket Number, that you have filed regarding the claims in this action.

(13)    Date the form, and sign your name, followed by "Pro Se" on the last line.

## The Complaint

A civil lawsuit is begun by filing a complaint in the office of the Clerk of the Court. Complaint forms, which the Court encourages you to use, may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Court's Pro Se Offices, and from the Western District Court web site at <http://www.nywd.uscourts.gov>. **Rule 5.2** of the **Local Rules of Civil Procedure** points out that a complaint not filed on the appropriate form may be returned to the plaintiff for refiling on the proper form.

"Filing" a document means to deliver it to the Clerk of Court either in person or by mail to have it file-stamped. The purpose of the complaint is to give notice to the persons being sued and to the court as to the nature of the lawsuit. The complaint should contain:

(1) A caption specifying the court in which the case is filed and the names of the parties. **Every document you file should have a caption** at the top of the first page. **After the case is filed, it will be assigned a number, each document filed thereafter must include this number next to the caption.** The complaint and all other pleadings must be on 8 1/2" x 11" paper. The Court allows double spacing or 1-1/2 spacing.

Following is a sample caption:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Your Name,

                          Plaintiff,                              - CV-     LEAVE THIS BLANK FOR NOW.  THE CLERK OF
                                                                             THE COURT WILL ASSIGN A 'DOCKET
                                                                             NUMBER' TO YOUR ACTION WHICH THEY
                                                                             WILL WRITE ONTO YOUR COMPLAINT, AND
                                                                             WHICH YOU SHOULD PUT IN THIS POSITION ON
                                                                             EVERY DOCUMENT YOU FILE AFTER THE
                                                                             COMPLAINT

         v.

                                                                  COMPLAINT (This is the title.)

Defendants' Names,

                          Defendant(s).

_____

      You should list the names of all the defendants you wish to sue in the caption.  Do not use phrases like 'et al.' or 'etc.' in your caption.  Do not use 'John or Jane Doe' unless you do not know the defendant's name.  If you know only a nickname, use that in the caption.  You will need to describe the defendants more fully in another part of the complaint; if you don't know their names, be prepared to describe them by their titles or positions.  It is your obligation as plaintiff to identify the people who you wish to sue.

      (2) A short and plain statement of why the court has jurisdiction.  Your complaint should be written in short, numbered paragraphs, each of which contains a single idea.  The first paragraph should identify the basis of the Court's jurisdiction.  You should include in your jurisdictional statement a statement of venue, that is, a statement why you are filing suit in the Western District of New York.  Generally speaking, you must bring a federal action in the district in which the defendants reside, or in which the events giving rise to your claim occurred.  If your claim arises in or the defendants live in the 17 western-most counties of New York State, then it is properly venued in the Western District of New York.

      In a separate paragraph for each individual party, you should identify each party by name, title or some other unique characteristic.  You should also indicate where the party lives or maintains a business, or,

if the party is a correctional officer, where the party is employed.  The location of a defendant's residence or place of business is important for determining venue.

(3)  A short and plain statement of the claim showing why you, the plaintiff, are entitled to relief, including a concise statement of the facts.  Generally, each statement of a claim should be made in separately numbered paragraphs, with each paragraph limited as far as possible to a statement of a single set of factual circumstances.  In short, clear, numbered paragraphs describe the actions or failures to act of the defendant that you believe violated your rights, and identify the legal rights you believe the defendant violated.  **If the statute under which you are bringing your case requires you to exhaust administrative remedies before filing a federal action, describe your efforts to exhaust those administrative remedies.**

(4)  A statement of the particular relief sought.  Tell the Court what you want to require the defendant to do, whether it is to stop doing something, to start doing something, and/or to pay you monetary damages.

(5)  If a party (plaintiff of defendant) wants a jury trial (and is entitled to one by law), he or she must request one either in the complaint or answer, or by filing a separate demand for a jury trial in writing **within 10 days** after the defendant's answer is served.  *See* Federal Rules of Civil Procedure, Rule 38(b).  Failure to timely request a jury trial constitutes a waiver of one's right to a jury trial.

(6)  Exhibits to the Complaint – Attach to the complaint any exhibits which are necessary to explain your complaint.  **Do not send original exhibits to the Court unless you have no ability to obtain photocopies.  Any exhibits filed after the complaint is filed must be included as attachments to an affidavit or affirmation which refers to each exhibit and explains why the exhibit is relevant to your case.**  *See* Rule re affidavit p. 13.

Sign and date your complaint.  The complaint and all subsequent pleadings must include your address and telephone number, **and must be signed by you**.  *See,* Federal Rules of Civil Procedure, Rules 8-11.  It is mandatory that you keep the Clerk of Court informed of your current address and telephone number during the entire lawsuit and contact the Clerk's Office **as soon** as your address changes.  Failure to do so is grounds for dismissal of the case.  *See* Local Rules of Civil Procedure, Rule 5.3(d).

The Summons

A summons is an official court document, signed by the Clerk, directing a defendant to respond to a complaint. A summons for each defendant must be completed and submitted to the Clerk of Court with the complaint. Summonses may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Court's Pro Se Office, and from the Western District Court web site at <http://www.nywd.uscourts.gov>.

The summons must show the time by which the defendant is required to respond to the complaint. Defendants generally have twenty (20) days to file an answer after they are served with the complaint; United States government defendants have sixty (60) days. Defendants in cases seeking review of decisions under the Social Security Act have ninety (90) days to answer. Defendants in cases brought under the Freedom of Information Act have thirty (30) days to answer. Failure to include the response time on the summons is grounds for dismissal of the case. You should also submit to the Clerk a copy of the complaint which you intend to serve on each defendant so that the Clerk can stamp the copies as filed and write on them the case number and judge assigned.

Instructions for Completing the Summons Form:

(a) Write your name above the "v" as plaintiff; write in the names of all the people you are suing as defendants below the "v."

(b) Write the name and address of one defendant after the "To." **You must make a separate summons for each** defendant.

(c) Because you do not have an attorney, in the space after "plaintiff's attorney" fill in your own name and your address. Cross out "Plaintiff's Attorney" and write "Pro Se" after your name.

(d) Put the proper number in the space before "days after service of this summons..."

The summons will be signed and sealed by the Clerk and returned to you along with the service copies of the complaint unless the summons and complaint is going to be served by the U.S. Marshal.

Service of Process in Federal Court

Service of process is the actual delivery of the summons and complaint to the defendant in your case. Service of process in federal court is governed by Rule 4 of the Federal Rules of Civil Procedure. You are responsible for having a summons and a copy of the complaint "served" upon each party to the lawsuit, and

for returning proof of the service to the Court.  The summons and complaint must be served within **120 days** of filing the complaint or the case may be dismissed.  A party who cannot complete service within **120 days must file a motion with the Clerk's Office asking the Court to extend the time to serve** the summons and complaint.  *See* Motions, pp. 11-14.

Anyone who is over 18 years old and is not a party to the action may serve the summons and complaint.  If the Court has granted you permission to proceed *in forma pauperis*, the United States Marshal will serve process at no charge.  Parties who have not been granted *in forma pauperis* status must make arrangements for service at their own expense (or request the defendant to waive service -- see below Waiver of Service of Summons and Complaint).  Professional process servers are listed in the telephone directory yellow pages and will serve a summons and complaint for a fee.  Any other person who is at least 18 years of age and who is not a party to the lawsuit, such as an employee, family member or friend, may serve the summons and complaint, but they must be careful to follow the service procedures exactly or the case may be dismissed for improper service.  The United States Marshal can also serve process on behalf of a party who has not been granted permission to proceed *in forma pauperis*, but the party must first request (file a motion) and obtain an order of the Court directing service by the Marshal (forms for doing so may be obtained in person from the intake clerk of the Clerk's Office, by mail from the Pro Se Office, and from the Western District Court web site at <http://www.nywd.uscourts.gov>).  There is a small fee ($8.00) per complaint served for this service.

**If the Marshal fails to complete service upon the first attempt, it is your responsibility to require the Marshal to try to serve again, or to move the Court for an order directing the Marshal to make a second attempt.**

The procedures for serving process differ depending on whether the defendant is an individual within the United States (including territories), in a foreign country, under the age of 18 or incompetent, or is a corporation, the United States (or a government agency), or a foreign, state or local government.  *See* Federal Rules of Civil Procedure, Rule 4(e) - (j).  It is important to follow the rules for service on these different persons and entities to the letter.  The methods of serving process upon individuals within the United States and its territories are contained in Federal Rule of Civil Procedure 4(e) and in state law.

Waiver of Service of Summons

A plaintiff who is **not** proceeding *in forma pauperis* (i.e. who paid the filing fee) may be able to avoid the cost of service by requesting that a defendant waive service of the summons prior to the plaintiff hiring

a process server or requesting service by the United State Marshal or some other method. Waiver of service is encouraged by the Federal Rules of Civil Procedure and is less expensive for the plaintiff. A defendant who timely returns a waiver of service can extend the time in which to answer. *See* Federal Rules of Civil Procedure 4 (d)(3). Procedures for making this request are set forth in Federal Rule of Civil Procedure 4(d) and forms for doing so (AO 398 and AO 399) are available in the Clerk's office. **If a defendant refuses to waive service of the summons, the plaintiff must arrange for service and the Court may require the defendant to pay for the cost of this subsequent service.**

Proof of Service

Finally, you must return to the court the appropriate proof that the defendants have been served. Where service is made by requesting defendant to waive service of the summons, proof of service must be made by filing with the Court the completed AO 399 form(s) that you sent to the defendant or defendants. Where service is made by any other manner, proof of service can be made by completing and returning to the Clerk of Court a civil process return form located on the back of a summons form. It is the responsibility of the person serving process to prepare and submit the forms showing proof of service. Plaintiffs should read Rule 4 of the Federal Rules of Civil Procedure to become thoroughly familiar with the procedures governing service of process.

**Responses to the Complaint**

The Answer

Once the summons and complaint is served, the defendant, in an ordinary civil case, will have **twenty (20) days** from the date of service of the complaint to file an "answer." The United States or a federal official will have **sixty (60) days** (except the Social Security Administration, which has **90 days**). Just as the plaintiff in the complaint must make a short and plain statement of the claim, the defendant in the answer must state the defenses to the claim and either admit or deny the specific allegations contained in the complaint. As with the complaint and all other pleadings, a defendant must file the answer with the Clerk of Court and serve a copy on the opposing party. Failure to answer or otherwise defend in a timely fashion is grounds for judgment by default against the defendant (If a defendant fails to answer or otherwise defend, then see Federal Rule of Civil Procedure 55). It is important that a plaintiff state the allegations in simple separate numbered paragraphs, since the defendants will admit or deny allegations paragraph by paragraph. In that way, the Court and the plaintiffs can determine what allegations the defendants have admitted or denied.

Motions Against the Complaint

Although most defenses to a complaint must be asserted in the answer, a defendant has the option of asserting certain defenses in the form of a motion to dismiss the complaint before filing the answer. *See* Federal Rules of Civil Procedure 12(b). A motion is an application to the Court asking that the Court take some particular action in the case. Motions to dismiss the complaint typically make the following arguments: (1) the Court lacks the power to decide the subject matter of the case or to compel a defendant to appear; (2) service of process was not sufficient; or (3) the complaint fails to state a claim on which relief can be granted.

If such a motion is made by a defendant in your case, you will have **ten (10) days** after it is served in which to file a response (or some other amount of time to file a response as set by the Court). **It is very important to respond to such motions to dismiss; otherwise, the case may be dismissed without your having an opportunity to present an argument to the Court.**

**Motions**

A motion is an application to the Court asking that the Court take certain action (for example, to dismiss or to extend time) with respect to the conduct of the case. Unless made orally during a hearing or trial, motions must be in writing, should state the relief or action sought, and should be accompanied by an affidavit , and, in some instances, a memorandum of law setting forth the facts and legal authority supporting the motion. Motions are the primary way for litigants to ask the Court to take action in a case. They must be filed with the Clerk of Court and served on the opposing party. Written motions must **not** be sent directly to the judges. Each party opposing a motion must file papers in opposition to the relief requested in the motion. The Court will generally issue an order when the motion is filed advising the parties when the papers in response to the motion must be filed (generally the party has **eight (8) days** to respond after service of the motion ) and when the party making the motion must file reply papers. (Summary judgment issues and deadlines are discussed in a later section). If a party fails to file a response to a motion, the Court will assume that the motion is not opposed. *See* Local Rule 7.1 regarding replies.

The proper form for motion papers requires you to present the Court with three separate documents which all become part of your motion papers. **You may obtain forms for bringing a motion in person from the intake clerk in the Clerk's Office, by mail from the Pro Se Office, and from the Western District Court web site at <http://www.nywd.uscourts.gov>.**

The first document is a **Notice of Motion**.

In the upper left hand corner of your Notice of Motion, copy the caption of your case as it appears on an official document (for example on the order granting or denying you permission to proceed *in forma pauperis*). In the upper right hand corner, at the same height on the paper as the caption, write the docket number of your case (for example 05-CV-1234C). Below the docket number write "Notice of Motion."

Beneath the caption your motion should say "**PLEASE TAKE NOTICE**, that the undersigned will bring a motion _____." In the blank space, you should write the relief you want the Court to give you. For example, you might say, "for an order appointing counsel to represent me" or "for an order compelling the defendants to respond to plaintiff's interrogatories" (read Local Rules of Civil Procedure 37 first) or "for an order compelling discovery pursuant to Federal Rules of Civil Procedure Rule 37;" or "for an order granting summary judgment" (Read Local Rules of Civil Procedure and Federal Rule of Civil Procedure 56 first).

Sign your Notice of Motion. The judge's courtroom deputy will schedule your motion according to the judge's calendar, and you will be notified. **Most motions do not have an oral argument, but are decided based on the papers alone.**

The Notice of Motion is addressed to your opponent and should look like the example below.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK


Your Name,

|  |  |
|---|---|
| Plaintiff, | **NOTICE OF MOTION** |
| v. | _____-CV-_____ |

_____,

_____,

_____,

_____,

Defendant(s).


**PLEASE TAKE NOTICE**, that the undersigned will bring a motion *(state here, briefly, what you are asking the Court to do in your motion)*




before this Court on  a date and time which will be provided by the Court later.

_____
*(Signature of the moving party)*
_____
_____
_____
_____
*(Print the name and address of the moving party)*

The second document is an **Affidavit in Support** of your Motion.

The caption and index number on your affidavit should be written out just as on the Notice of Motion, but instead of writing "Notice of Motion," you should write "Affidavit in Support of Motion" below the docket number.

Your affidavit should briefly re-state the relief you want the Court to grant, and then should explain in short separately numbered paragraphs the reasons you believe you are entitled to that relief. For example, in moving for Appointment of Counsel, you should describe your inability to continue the action without legal assistance, you should explain to the Court why you believe your lawsuit has merit, and you should tell the Court what efforts you made to secure counsel on your own. You should also attach to the affidavit any exhibits that support your motion.

*Note:*     *These instructions assume that you have access to a Notary Public, and can get your papers notarized. An affidavit is a statement that a person swears is true before a Notary Public, and is witnessed by that Notary. If you do not have access to a Notary Public, you may use a declaration. The difference between an Affidavit and a Declaration is that, instead of a Notary's seal, the party who signs the declaration* ***must*** *include a short signed and dated statement declaring that the statement is true, as in the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (Date). (Signature)". 28 U.S.C. § 1746.*

The third document that is part of your motion papers is a **Memorandum of Law**.

A Memorandum of Law (which is required only for Motions to Dismiss, Motions for Summary Judgment and Motions for Injunctive Relief) should be captioned and titled as are the other motion papers. It should contain a statement of facts on which the motion is based; a discussion of the cases, statutes and/or regulations relevant to why you believe you are entitled to the relief you are seeking in the motion; and a statement describing the relief you are seeking. It must be signed.

**You are required to serve a copy of any motion papers you file in your lawsuit on your opponents, or their lawyers if they have lawyers.** The only exception to this rule is when you are filing a motion before your opponents have answered your complaint. In many cases, your motion will be addressed to the other party because you are trying to get the Court to order the other party to do something. However,

even when you are simply asking the Court to take some action on its own, you **must** send a copy of your motion papers to your opponent.

You must notify the Court that you have served a copy of your motion on your opponents by enclosing with your motion papers an **Affidavit (or Affirmation)** of Service.  Like the Affidavit in Support of your motion, your affidavit of service must be signed and notarized, or, if it is a declaration (affirmation), signed under penalty of perjury (*See* p. 13).

Do not complete your affidavit of service until after you have prepared the copies of your motion papers for your opponent and placed them in an envelope.

Send a copy of your motion with an original signature to the Clerk's office in the city (Buffalo or Rochester) where the judge who is hearing your case is located.  Judges Arcara, Skretny, Curtin, and Elfvin and Magistrate Judges Foschio, Scott and Schroeder are located in Buffalo, New York.  Judges Larimer, Siragusa and Telesca, and Magistrate Judges Feldman and Payson are located in Rochester, New York.  Addresses for the Clerk's office in those cities are on page 1 of these guidelines.

Do **not** send your motion papers directly to the judge's chambers.  The motion must be recorded in the official record of your case (the docket sheet) by the Clerk's office before the judge can take any action on it.  If you mail your papers directly to the judge, you will only delay the time it takes for your papers to be considered.  Do **not** send extra copies of your papers to the judge.

Local Rule of Civil Procedure 7.1 governs service and filing of papers, and in paragraph (f) contains some page number restrictions for memoranda and briefs.  Be sure to follow this rule very carefully.

*Caution:* if your papers do not comply to the form described above, they may not be filed and included in the docket sheet, and the judge may not act on your correspondence.

**Dismissals for Failure to Pursue the Lawsuit**

Once a case has been filed, it is extremely important for a plaintiff to be diligent in pursuing the case. A plaintiff has an obligation to attempt to make the case ready for trial, and all parties must make their best efforts to complete discovery into the facts of the case within the time limits and according to the procedures discussed in the next section of these guidelines. In addition, a plaintiff must obey all orders of the Court that may issue in the case, and must appear for all conferences or hearings which a judge may schedule. (Generally, in prisoner actions, if a hearing or conference is scheduled the prisoner will appear by phone. If a prisoner case goes to trial, the prisoner will appear in person by order of the judge.) If a plaintiff fails to prosecute the case diligently, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure. If a plaintiff fails to notify the Clerk's Office of a change of address and, therefore, does not receive notice of an action or order in his or her case, the case may be dismissed for failure of the plaintiff to give the Court a current address. Rule 5.2(d) of the Local Rules of Civil Procedure.

**Discovery**

Discovery is the exchange of information between opposing parties. Rules 26 through 37 of the Federal Rules of Civil Procedure provide for pretrial discovery. In addition, each judge has his or her own set of discovery procedures which are contained in pretrial instructions. The Local and Federal Rules are followed in every judge's court.

There are five devices for conducting discovery: (1) depositions: oral or by written questions (Federal Rules 27-32); (2) interrogatories to parties (Federal Rule 33); (3) production for inspection of documents and other tangibles (Federal Rule 34); (4) physical or mental examinations (Federal Rule 35); and (5) requests for admission (Federal Rule 36). The Federal Rules also define the scope of discovery, as well as set forth both the means for compelling the other side to turn over discovery material and protection from discovery that is too broad or too intrusive.

Federal Rule 26(b) states that the matter sought must be relevant to a claim or defense of any party or relevant to the subject matter involved in the pending action. However, the Federal Rules grant immunity from discovery to privileged information, i.e., communication between attorneys and clients, patient and physicians, information that may be self-incriminatory, information involving state or military secrets, etc. Discovery is also limited by the right of any person from whom discovery is sought to seek a court order protecting him or her from "annoyance, embarrassment, oppression, or undue burden or expense." (*See* Federal Rule 26(c).)

**Note that relevancy for discovery purposes is much broader than relevancy for the purposes of admitting evidence at trial.**

Scheduling Conference/Order

Generally, once an answer is filed by the defendant, the Court will issue an order or notice scheduling a conference with the assigned Judge or Magistrate Judge under Federal Rules of Civil Procedure 16(b) and 26(f). The order or notice will set forth what is to be covered at the Conference and notify the parties that they are required to meet and confer **(except in prisoner cases)** at least 21 days prior to the conference (either in person or by telephone) in order to discuss a proposed schedule for how the case is to progress. At the Conference, the parties will meet with the Judge or Magistrate Judge (or maybe his or her law clerk) and discuss, among other things, the issues involved in the case, settlement, and a proposed scheduling order. Following the Conference, the Court will issue a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), which will set forth a schedule as to when certain phases of the case must be completed.

For example, the Scheduling Order will set forth dates as to when (1) all initial (mandatory) disclosures must be produced (Federal Rules of Civil Procedure, 26(a)(1); (2) all motions to amend or join parties must be filed; (3) all discovery must be completed; and (4) all dispositive motions must be filed.  It may also set forth dates for further pre-trial conferences, a settlement conference and trial.

**In some limited circumstances, generally cases filed by prisoners, a scheduling conference may not be held and the Judge or Magistrate Judge will issue a Scheduling Order.**

Filing of Discovery

Local Rule of Civil Procedure 7.1(a)(1) requires that all discovery be filed with the Clerk's Office in pro se cases.

Initial (Mandatory) Disclosures

Federal Rules of Civil Procedure 26(a)(1) requires that all parties in all cases, **except cases brought by prisoners pro se**, must produce certain information to the opposing party without first receiving a discovery request or notice for such information.  The information that must be provided without a request or notice is: (A) the name and addresses, if known, of any person who may have information relevant to the lawsuit; (B) a copy, or a description by category and location of, all documents and other tangible things that are relevant to the lawsuit, except  information that will be used solely for impeachment (*See* p. 23); (C) a computation or listing of all money damages that are being claimed by plaintiff in the lawsuit (this is generally only provided by the plaintiff); and (D) a copy of any insurance policy which may require an insurance company to pay for any damages awarded to a plaintiff (this is generally only provided by the defendant, if there is any insurance).  Rule 26(a)(1) requires that this information be produced within 14 days after a conference is held with the Judge or Magistrate Judge but, in some cases, a date will be set by the Judge at the scheduling conference as to when this information must be produced.  *See* Federal Rules of Civil Procedure 16(b) and 26(f).  All other information that is not required to be produced initially may be requested, if relevant, through the five discovery devices discussed below.

Depositions (Federal Rules of Civil Procedure 27-32)

After commencement of a civil action, a deposition may be taken of any witness, whether or not a party.  The witness, called the deponent, is examined under oath by the discovering party; adverse parties may cross-examine the deponent.  A question and answer format is used, and the testimony is recorded by a court

reporter. While the Rule allows for some other recording methods, e.g. tape recording, a court reporter is the usual means unless the parties agree to, or the Court orders, some other method. The party that requests the deposition be taken is responsible for having a court reporter present and bearing that expense, which may be very costly. Parties should discuss the costs of providing copies of the transcript of the deposition prior to scheduling the deposition. The deposition may also be taken by written question, as indicated above, rather than by oral depostion. This process is much less costly. The costs of depositions and any other discovery are **not** provided for by *in forma pauperis* status.

The discovering party initiates the process by notifying the other parties by mail of the time and place of taking the deposition and of the name and address of the deponent. (Where information is sought from an organization, such as a corporation, and the discovering party does not know what person in the organization has the desired information, the organization may be named as the deponent and the matter on which examination is sought must be set forth in the Notice of Deposition. The organization then designates the person to testify on that subject.) The deponent (witness), if a nonparty, must be subpoenaed to compel his attendance. *See* subpoena topic at the end of this section. This may require taking the deposition at a place other than where the action is pending. Subpoena forms are available in the Clerk's office and must be requested in writing by pro se litigants.

The deposition is taken before one authorized to administer oaths, generally the court reporter. But that officer is not a judge and has no power to rule on objections that arise during the course of taking the deposition. Some objections simply raise questions of admissibility at trial. As to those, the objection can be stated orally, the answer given and resolution deferred until the deposition is offered in evidence at trial. Other objections may require judicial intervention before the deposition can proceed further. Objections as to the form of the question, e.g., leading, confusing, argumentative, must be made at the time of the question or the objection will be waived.

After the discovery period has ended, depositions may be taken only pursuant to court order or with the consent of all other parties. The Court will allow post-discovery depositions to be taken if the purpose of the deposition is to perpetuate the testimony of a witness who will not be and/or cannot be made to appear at trial.

Please note that under Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A), depositions are limited to seven hours each and ten depositions per side (not per party), unless the Court grants permission otherwise.

A deposition is used at trial to contradict or impeach testimony of the deponent given as a witness, or when the deponent is not available to testify as a witness at trial.  A party may use the deposition of an adverse party at any time for any purpose.

As discussed above, the costs of depositions must be paid by the party that requests them.  The costs of this and any other discovery are not provided for by *in forma pauperis* status.  The granting of *in forma pauperis* status only allows a litigant to proceed without prepayment of filing fees and for service of the Summons and Complaint without charge by the U.S. Marshal's Service.  All other costs are the responsibility of the litigant.  Upon winning the case, it is possible that the costs of litigation may be awarded to the winner, but this does not happen in every case.

Interrogatories to Parties (Federal Rule of Civil Procedure 33)

Any party may serve on any other party written interrogatories (questions), each of which must be answered in writing under oath unless it is objected to and the reasons for objection are stated in lieu of an answer.   Interrogatories are confined to parties.   Parties usually require that the interrogatories be supplemented as new information becomes available.  Local Rule 5.2(c) sets forth the form you must use for papers containing responses to written questions or demands.  Federal Rule of Civil Procedure 33(a) limits the number of interrogatories to 25, unless the Court grants permission otherwise.

Production for Inspection of Documents (Federal Rule of Civil Procedure 34)

A request for the production of tangible items for inspection may be served on any other party.  The request should designate the tangible item sought, usually a document or videotape, and specify a time, place, and manner of making the inspection.  Generally, the things requested ( eg. documents) are mailed to the party making the request.

The party on whom the request is served is required to respond, either agreeing to the request and producing the document or item or stating the reasons for objection to production.  The requesting party may seek a court order requiring production.

Document discovery is limited to parties and to items in their possession or control.  The requesting party's legal right to obtain possession is the central inquiry, and the requested party may not avoid discovery simply by divesting himself of possession.  Moreover, documents in the possession of nonparties may **only** be discovered by serving a subpoena on the non-party.  *See* Request for Subpoenas, P. 21.  A subpoena for the testimony of a deponent (witness) may also include a request for the deponent to produce documents at

the deposition. Note: subpoenas are discussed later, including subpoenas to non-parties regarding documents when the non-parties are not to be deposed.

Local Rule 34 limits the number of document requests to 25.

## Physical or Mental Examinations (Federal Rule of Civil Procedure 35)

Federal Rule of Civil Procedure 35 provides that, when the physical or mental condition of a party or a nonparty over whom a party has custody or legal control is in controversy, on motion the Court may order a physical or mental examination.  A showing of good cause is a prerequisite.  The order defines the circumstances of the examination.  It is usually the defendant requesting that the plaintiff be examined in relation to the injuries the plaintiff is seeking to be compensated for.  The party against whom the order is made is entitled to request a copy of the examining physician's report.  Such a request, however, obligates that party, in turn, to make available his own, similar reports of examinations previously or thereafter made.  Moreover, by making such a request, the party examined waives any privilege (e.g., the patient-physician privilege) regarding the testimony of one making similar examinations.  Usually, but not necessarily, the examination is conducted by a physician designated by the party seeking the examination.  The examined party's own physician may  -- but need not -- be present.

## Requests for Admissions (Federal Rule of Civil Procedure 36)

Under Rule 36 a party may serve on another party requests for admission of the genuineness (or truth) of documents or of facts or of the application of law to fact.  The party served is obligated to make reasonable inquiry before responding.  Failure to answer constitutes an admission.  In the answer the party served may admit, deny, state that he or she lacks knowledge or information sufficient to permit admission or denial (only after making inquiry), or object to the request.  An admission is for the purpose of the pending action only; but it is conclusive, rather than evidentiary, unless leave is obtained to withdraw or amend it.  The post-trial sanction for improper failure to admit is payment of the requesting party's expenses of the proof of that fact.  Additionally, the requesting party may seek pretrial judicial scrutiny of the   sufficiency of answers or objections; the Court may also order an answer, amendments to answers given, or even that the matter be deemed admitted if the Court determines that there was improper failure to admit.

Request for Subpoenas in Pro Se Action

Occasionally, parties may need to obtain information, documents or testimony from other witnesses who are not parties. Some information may be sought by subpoena. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[t]he clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service." F. R. Civ. Pro. 45(a)(3). Thus, pro se litigants may request subpoenas in writing from the Clerk's Office for production of documents or for the deposition or trial testimony of witnesses.

Rule 45 of the Federal Rules of Civil Procedure does not require a motion for issuing a subpoena. Local practice, however, does require that a request for subpoena be in writing, including the name and address of the person/entity to whom the subpoena is directed and what is being sought. Where one is granted permission to proceed *in forma pauperis*, he or she may be granted service of subpoenas by the United States Marshal without paying the fee. If service by the United States Marshal is sought, that request must be in writing as well.

Pro Se litigants should bear in mind that subpoenas do have costs, which they will be required to pay. Also, the Court may impose appropriate sanctions on the party for violations of Rule 45. "A party ... responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden, or expense on a person subject to that subpoena." F. R. Civ. Pro. 45(c)(1).

Additionally, to secure the production of a witness who is incarcerated, the pro se litigant must make written application to the Court to issue a writ to produce the incarcerated witness. Upon consideration of the application, the Court, if it agrees, will direct that the arrangements for the witness's testimony be made.

**Amendment of the Pleadings During or After Discovery**

　　　　A party may discover facts during discovery that may allow an additional claim, one not stated in the original complaint, to be proven.   In such a situation, plaintiff may, consistent with the Judge's pre-trial instructions and schedule, request permission to amend the complaint.   *See* Rule 15, Federal Rules of Civil Procedure.

**Ending the Case Without a Trial**

**A) Summary Judgment**

Federal Rules of Civil Procedure 56

A trial is necessary only when there are disputed issues of fact. After the discovery period has ended, it may become apparent that the facts in the case are not in dispute, and one or more parties may file a motion for summary judgment. A motion for summary judgment can be filed at any time after the answer is filed. Each judge in this district states in his or her pretrial instructions ( eg. scheduling order) a deadline for when a motion for summary judgment must be filed; therefore, it is important to read these instructions carefully.

**The party filing a motion for summary judgment must file and serve the following documents**:

(1) A **Notice of Motion** (*See* pp. 11-14);

(2) An **Affidavit** setting forth in evidentiary form the facts which the moving party claims are not in dispute and entitle him or her to relief without a trial. The affidavit can only state facts that the person signing the affidavit has personal knowledge of and should attach as exhibits such things as documents, deposition transcripts, interrogatory answers and all other evidence that support the motion;

(3) A **Memorandum of Law** which should set forth a short statement of facts on which the motion is based and a discussion of the cases, statutes and/or regulations which you claim support your motion for summary judgment;

(4) A **Statement of Material Facts Not in Dispute.** Local Rule of Civil Procedure 56 requires that the moving party set forth on a separate document and in separately numbered paragraphs all of the facts in the case that are **not in dispute**. The failure to file and serve this Statement may result in denial of the motion for summary judgment;. and

(5) A **Certificate of Service** stating that you served (mailed) a copy of all your moving papers on the opposing party's counsel or the opposing party if he or she is pro se.

**The party opposing or responding to a motion for summary judgment must file and serve the following documents**:

(1) An **Affidavit** setting forth all facts which the party claims are in dispute and prove why the moving party is not entitled to summary judgment. The affidavit can only state facts that the person signing the affidavit has personal knowledge of and should attach as exhibits such things as documents, deposition transcripts, interrogatory answers and other evidence that show that the material facts are in dispute. It is not enough for a responding party to merely negate the other party's motion; the responding or opposing party **must** present

to the Court evidence that shows the facts are in dispute and that a trial must be held to resolve the facts that are in dispute;

(2) A **Memorandum of Law** which should set forth a short statement of facts about the case and what facts are in dispute, and a discussion of the cases, statutes and/or regulations which you claim support your argument that summary judgment should be denied;

(3) **A Statement of Material Facts that are in Dispute.** Local Rule of Civil Procedure 56 requires that the responding or opposing party set forth on a separate document and in separately numbered paragraphs all of the material facts in the case that are **in dispute**; and

(4) A **Certificate of Service** stating that you served (mailed) a copy of all your responding papers on the opposing party's counsel or the opposing party if he or she is pro se.

After the motion for summary judgment and the response have been filed, the Court, with or without oral argument, will decide whether or not to grant the motion. If the Court grants the motion in whole, the case will be over and judgment will be entered in favor of the party who moved for summary judgment. If the Court grants the motion in part, the issues that are in dispute will be tried and those issues on which summary judgment was granted will not be. If the Court denies the motion, the case will be set for trial.

## B)  By Settlement

Another way in which a case may end without a trial is when the parties reach what is called a settlement. A settlement is an agreement between the plaintiff and defendant to resolve the lawsuit. Generally, but not always, it involves a monetary payment to the plaintiff in exchange for the dismissal of the case and a "general release." If the parties reach a settlement, they will usually sign what is called a stipulation of dismissal and the plaintiff will be required to sign a general release which states that in exchange for a certain sum of money or some other type of non-monetary consideration, he or she agrees to dismiss the lawsuit and release the defendant from any and all liability arising from the claims set forth in the complaint.

The Court generally encourages settlement and the Judge or Magistrate Judge may hold one or more settlement conferences where they attempt to assist the parties reach a mutually acceptable settlement of the case. Parties can discuss settlement and settle the case at any time and do not need court intervention to settle a case. If a case is settled, a short order will generally be issued dismissing the case.

## Trial

If a case is not resolved by summary judgment, settlement or dismissal by the court, the case will proceed to trial.  This is a civil action and, unlike a criminal trial, the burden on the plaintiff is to prove by a preponderance of the evidence that the events complained of happened.  During the trial the plaintiff will attempt to prove the facts necessary to demonstrate that he/she is entitled to the relief sought in the complaint.  The defendant will attempt to prove that he/she has not committed any wrong, or if he/she has committed a wrong, that there is an affirmative defense which limits or prevents plaintiff's recovery.  Fundamentals of Trial Techniques by Thomas Mauet (published by Little, Brown and Company) is an excellent reference book.


Pretrial Procedures

Once the discovery period has ended and discovery is completed, the judge to whom the case is assigned will conduct final pretrial activity in accordance with the pretrial instructions which the judge has mailed to the parties.  Usually, pretrial activity will include a conference between the judge and the parties at which they discuss the issues which will be tried and the evidence that is to be used at trial.  The judge usually will also require that a pretrial order be submitted by the parties in which the trial plans of the parties are set forth in writing.  The purpose of these pretrial activities is to help the judge and the parties understand exactly what issues will be important at the trial, and to work out possible solutions to problems before the trial.  The parties may wish to discuss settling their case during this final pretrial phase.

Finally, at the pretrial phase the judge may instruct the parties as to particular procedures which the judge will use at the trial itself.  The parties may also be required to submit trial briefs, proposed jury instructions and copies of exhibits/documents they intend to use at trial.  As with all other aspects of a lawsuit in federal court, it is important to obey the instructions of the judge at the pretrial phase and at the trial itself.


Function of Judge and Jury

Under Federal Rule of Civil Procedure 38, both the plaintiff and the defendant have the right to request a jury trial within a certain time period (generally until **10 days after service of the defendant's answer**).  Both a judge and a jury are present at a "jury trial." The jury determines the facts of the case after listening to the accounts of both parties and examining the evidence that the judge has determined is admissible.  The role of the judge in a jury trial is to preside over the proceedings, keep order, determine what evidence is admissible (the evidence that the jury may legally consider), and to "instruct" the jury on the law to apply to the facts of the case.  If both parties choose not to have a jury trial (or if there is no right to a jury trial for the type of case that is to be tried), then the parties will have a "bench trial" in which the judge determines the facts of the case and applies the law to it; no jury is present.

If you have a "jury trial," the people on the jury will be selected by the methods described in Local Rule of Civil Procedure 47.1. Jury selection, that is determining who is qualified to sit on the jury, is also known as "voir dire." Local Rule of Civil Procedure 47.1 provides in part:

> (a)    The jury in a civil case shall consist of no fewer than six and not more than twelve members. All verdicts shall be by unanimous vote of the jurors. (b) Challenges shall be permitted as provided in 28 U.S.C. § 1870 and Fed. R. Civ. P. 47(b).... (c) Unless otherwise ordered, interrogation of prospective jurors on voir dire examination shall be conducted by the Court ...

Peremptory challenges: Each party will generally be given three peremptory challenges, which enables the parties to reject (in most cases) prospective jurors without cause. This decision is based on subjective considerations of the parties when they feel a prospective juror would be detrimental to their side of the case. Parties cannot use discriminatory reasons such as race to excuse a prospective juror.

Challenge for Cause: The plaintiff or defendant may also challenge a prospective juror "for cause" when, e.g., the prospective juror lacks a qualification required by law, is not impartial, is related to either of the parties or will not accept the law as given to him/her by the Court.


Opening Statements

The trial begins with the opening statements of the plaintiff (or his/her attorney) and the defendant(s) (or his/her attorney(s)). The purpose of an opening statement is to describe the issues in the case and the facts a party intends to prove in support of his/her claim. The plaintiff has the burden of proving that he/she was injured and suffered damages from such injury and that the defendant caused such damages. The plaintiff is allowed to present the opening statement first. This may be followed by a statement by the defendant.


Direct and Cross Examination of Witnesses

After the opening statements have been completed, the plaintiff presents his/her case by calling his/her witnesses and questioning them. The plaintiff presents his/her case first. When an attorney or pro se litigant questions his/her own witness (a witness he/she has called), it is called "direct examination."

Once the plaintiff has presented and questioned a witness, the defendant's attorney is entitled to question the plaintiff's witness about the matters that have been testified to on direct examination. Such questioning is called "cross-examination." On cross-examination, each party will attempt to challenge the testimony given by the other party's witnesses. If a witness testifies as to one fact, and a statement or document in the files contradicts such testimony, the document can then be used to question the witness on the accuracy of the witness's statements. If the evidence produced shows that the testimony of the witness is false or inaccurate, the witness is considered "impeached" by the cross-examination. If, after cross-

examination has been completed, the plaintiff has additional questions raised by the cross-examination, he/she may ask them on "redirect examination." Following redirect, the defendant's attorney may ask additional questions of the same witness on "recross-examination." This procedure is repeated for all of the witnesses called by the plaintiff.

Once the plaintiff's last witness has testified, the plaintiff rests his/her case. At this point, the defendant may, but is not required to, make a motion for a "directed verdict." This means that the defendant will try to establish that the plaintiff has failed to prove one or more of the essential elements of his/her claim for relief and that therefore the defendant is entitled to judgment in his favor as a matter of law. If this motion is not granted, the defendant will present his/her case by calling and questioning defense witnesses. The plaintiff will have the opportunity to cross-examine the defendant's witnesses and further questioning of each defense witness will take place as described above.

After each side has presented its witnesses and evidence, the judge may allow the plaintiff to present some rebuttal testimony.

During the questioning of witnesses by the pro se litigant and the defense attorney, exhibits such as documents or other items may be introduced and witnesses may be asked to answer questions about them.


Federal Rules of Evidence

Certain rules have been established which must be followed in court in order to prohibit improper or inadmissible evidence from being admitted at trial. These rules are contained in the Federal Rules of Evidence ("Fed. R. Evid.") which are set forth in Title 28 of the US Code. You must refer to these rules to determine whether certain evidence is admissible. The rules of evidence are designed to ensure that the most reliable evidence is presented at the trial. Generally, all relevant evidence is admissible unless it is privileged or its potential for prejudice outweighs its usefulness in determining facts. For example, a court might not admit the fact that a defendant in a brutality case committed domestic violence. Such a fact might be relevant, but might so prejudice the jury against the defendant that the court might keep it out.

There are many rules of evidence, and many books have been written explaining them. An example of an evidentiary rule is the "hearsay" rule which prohibits certain unreliable testimony. (Fed. R. Evid. 801-806.) Under the hearsay rule, a witness is generally not permitted to testify about anything that he/she does not have personal knowledge of. To illustrate, a witness may not testify that a friend told her that the friend saw the defendant beat up the plaintiff. That statement would be considered inadmissible because the witness in the example is only able to repeat what the *friend* said he saw. Because the friend is the person with personal knowledge of what happened, that friend should testify as to what he saw. The friend must be on the stand in order for the opposing party to be able to cross-examine him as to exactly what he saw. There

are several exceptions to the hearsay rule found in the Federal Rules of Evidence.  As noted above, this brief description of the hearsay rule is provided simply to illustrate one of the many rules of evidence.  Before discovery begins and the trial of your case, you should carefully study the Federal Rules of Evidence and any specialized books on evidence which may be in the library.

Objections

      If you believe that the defense attorney is attempting to introduce improper evidence or is asking improper questions of a witness, you must object and state the reasons for the objection.  Stating the basis for an objection is generally important in preserving that issue for appeal.  The judge may either "overrule" the objection (disagree with the objection and tell the witness to answer the question) or "sustain" the objection (direct the witness not to answer).  Whether or not evidence is admissible is a decision made solely by the trial judge.  Often, in order to determine the admissibility of a certain disputed point of evidence, the judge will have a conference with the parties' attorneys (or the pro se party) to discuss why the particular evidence may or may not be admissible.  This conference is referred to as a sidebar or a bench conference.  It is conducted out of the hearing of the jury, so they will not be prejudiced.  A record is made of the proceeding by the court reporter.

Closing Statements

      After all the evidence has been presented, both the plaintiff and the defendant may make closing statements.  During a closing, you should summarize the evidence presented, explain how the evidence is relevant to the issues in the case, and state why, based on all the evidence, the case should be decided in your favor.

Jury Instructions

      As noted above, trials can be conducted before a jury and a judge, or before a judge alone in a bench trial.  In a jury trial, after closing statements, the judge will instruct the jury as to the relevant law, explain how such law must be applied to the facts of the case, and give the jury the specific questions which the jury must decide.  Jury instructions may also include applicable burdens of proof which must be met, and any other relevant information.  Before trial, each party generally prepares suggested jury instructions for the judge's consideration.  Many reference books are available which provide sample jury instructions, including Modern Federal Jury Instructions, Civil, published by Matthew Bender.

      After the judge instructs the jury, the jury then "deliberates" (decides the case).  The jury must evaluate the evidence and draw conclusions in reaching a verdict (decision).  The jury verdict is announced

in a decision announced by the Judge in open court.  In a bench trial, the decision of the Judge may be announced in a written decision rather than in open court.

After either a jury or a bench trial, if a party believes the verdict is incorrect, he/she may appeal the decision or file a motion for new trial pursuant to Federal Rule of Civil Procedure 59.

Costs

Within thirty (30) days after entry of a judgment, the prevailing party may serve and file a "bill of costs" requesting "taxation" of costs itemized thereon.  Local Rule of Civil Procedure 54(a) and Federal Rules of Civil Procedure 54(d)(1).

**Appeals**

The plaintiff and/or the defendant may appeal a final judgment or order rendered by the United States District Court for the Western District of New York to the United States Court of Appeals for the Second Circuit. You must refer to the appeal procedures detailed in the Federal Rules of Appellate Procedure (Fed. R. App. P.) which are set forth in Title 28 of the US Code. If you plan to appeal a final judgment or order you should very carefully read the Appellate Rules, which are available on the Second Circuit's website: <http://www.ca2.uscourts.gov/>.

Proper grounds for an appeal often involve allegations that the judge made an error either in his/her interpretation of the law or in a procedural ruling during the course of the trial. For example, a procedural error may exist if the trial judge improperly admitted evidence. However, the fact that an error occurred at the District Court level may not by itself be sufficient to justify reversal of the court's decision. The error must have been sufficiently important so that the judge or jury reached an incorrect decision as a result of the error.

**Although there are exceptions, usually only final orders or judgments from the District Court may be appealed to the U.S. Circuit Court. (28 U.S.C. § 1291). The exceptions permitting certain specified "interlocutory appeals" are set forth in 28 U.S.C. § 1292.**

Appeals courts differ from trial courts in that there are no jurors or witnesses. Testimony is not heard, and the parties themselves may not even be present at the appeal. Usually, a panel of three judges is assigned to hear the appeal of a case. The appellate court will only consider issues the District Court considered. Generally, a party may not submit additional documents to the appellate court that were not part of the record in the District Court. In addition to the record which will be transmitted from the District Court, the appellate court will consider a party's positions or arguments as set forth in his/her appellate brief. After the appeal is submitted or argued, the panel will usually notify the parties of the decision by mail.

Initiating an Appeal

In appeals of right, such as an appeal of a final order or judgment, a party initiates the appeal process by requesting a notice of appeal form and civil appeals information packet from the Clerk of the District Court or by downloading the appeals information and forms from the Western District Court web site at <http://www.nywd.uscourts.gov>. Generally, a notice of appeal must name the party taking the appeal, describe the judgment or order, or the portion of the judgment or order appealed from, and name the court to which the appeal is taken. (Fed. R. App. P. 3).

The notice of appeal in a civil case must be filed with the Clerk of the District Court within **30 days** after the date of entry of the judgment or order appealed from. (Fed. R. App. P. 4 (a)(1)). If the United States

government or an officer or agency of the United States is a party to the action, the notice of appeal may be filed within **60 days** after the <u>date of the entry of the judgment or order</u>. The date of entry signifies the entry of the judgment on the District Court's docket sheet. The date an order or opinion is signed is not necessarily the same day that it will be reduced to a judgment or entered on to the court's docket. It is not advisable to wait until the last moment to file a notice of appeal. Only upon a showing of "excusable neglect" or "good cause," may the District Court extend the time for filing a notice of appeal. (Fed. R. App. P. 4(a)(5)).

There is a fee to file a notice of Appeal (fee schedule can be located at <u>www.nywd.uscourts.gov</u> or you may request the fee schedule from the Clerks Office). However, pursuant to Fed. R. App. P. 24, a party who has been permitted to proceed in the District Court *in forma pauperis* may generally proceed on appeal *in forma pauperis* without further authorization, unless the District Court certifies that the appeal is not taken in good faith. A person who did not have *in forma pauperis* status at the District Court may nevertheless make an application to the District Court for *in forma pauperis* status for the purposes of the appeal. This application is made as a motion to the District Court when the appeal is filed.

**General Information**

1.       If you are proceeding *in forma pauperis*, the Marshal will serve your Summons and Complaint on the defendants. You must mail all subsequent papers to the defendants or their attorney(s) yourself.  Except for your complaint, you **must** send a copy of every legal paper that you send to the Court to the defendant's attorney as well.  Once your complaint has been filed and assigned a civil number, all documents submitted to the Court in your case **must** include your case number.  For your own records, you must keep copies of all documents you file; **the District Court will not make or mail copies for you.**  If you are unable to make photocopies or carbon copies, you may submit identical handwritten copies.

2.       You **must** always include an affidavit/affirmation of service indicating that you have served all other parties (or their counsel) with any document you wish to file with the Court once the complaint has been answered; the Court may not consider any document which is not accompanied by your Affidavit/Affirmation of Service.

3.       Requests for assigned counsel may be made if you are granted permission to proceed *in forma pauperis*.  However, assignment of counsel is within the discretion of the judge and will generally only be made when the judge believes that your case has made a threshold showing of merit and also that a lawyer is necessary.

4.       It is your responsibility to prosecute your own action.  **Failure to do so may result in the dismissal of your action.**  It is your responsibility to be aware of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available in any law library and on the Internet.  You may obtain a copy of the Western District's Local Rules from the Clerk's Office or from the Court's web site.  (Note especially the rules regarding discovery matters, the requirements for the parties when there are motions for summary judgment, and Rule 11.)

5.       **You must notify the Clerk's Office and all defendants (or their attorneys) immediately of any address changes.  Failure to do so may result in dismissal of your action.**

6.       **If there is more than one plaintiff, each and every plaintiff must sign the complaint individually and must apply separately for permission to proceed *in forma pauperis*, if applicable.**

7.       You must file **original** papers with the Clerk of Court.  (The document may be a copy but your **signature must be an original**.)  The requirement that you file original papers

has been interpreted to mean that the signature on the papers must be original.  If you sign all of your papers before photocopying them, make sure to send the one with the original signature to the Court.  If you use carbon paper, make sure the Court receives a copy (or the original) that has an original signature on it.  Do not send originals of exhibits to the Court (send copies and retain the originals in your own files), and do not send any exhibits to the Court unless you have included them as attachments to the complaint or to an affidavit or affirmation which references each exhibit and explains its relevance to your case. (Generally, exhibits are used either in the context of a summary judgment motion or as evidence at trial, but not before.)

**Electronic Case Filing – CMECF**

**PRIVACY NOTICE to pro se litigants regarding availability of civil case file information on the INTERNET to anyone with a PACER account.**

The United States District Court for the Western District of New York makes the content of cases available on PACER. Any subscriber to PACER will be able to read, download, store, and print the full content of documents filed **on or after January 1, 2004.** However, remote electronic access to pleadings filed in civil social security cases is limited to counsel of record and court staff. Non-parties have direct access to the pleadings on file at the Clerk's Office. To comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, **filing parties shall omit**, or, where inclusion is **necessary**, partially **redact** (remove) the following personal data information from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the assigned judge orders otherwise:

> (1) Minors' names: Use the minors' initials (Only initials);
>
> (2) Financial account numbers: Identify the financial institution and name or type of account, but use only the last four numbers of the account number;
>
> (3) Social Security numbers: Use only the last four numbers;
>
> (4) Dates of birth: Use only the year; and
>
> (5) Other data as permitted by order of the court.

Additionally, you should not include confidential information in any document filed with the court **unless** such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. You may omit or partially redact (remove) the following confidential information from all pleadings, documents, and exhibits, unless the assigned judge orders otherwise:

> (1) Personal identifying number, such as driver's license number;
>
> (2) Medical records, treatment and diagnosis;
>
> (3) Employment history;
>
> (4) Individual financial information; and
>
> (5) Proprietary or trade secret information.

The parties are solely responsible for any personal information filed. **The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal information, or redact documents, whether filed electronically or on paper.**

SEALING OF DOCUMENTS

The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order.  Rules relating to the sealing of documents are controlled by Rule 5.4 of the Local Rules of Civil Procedure.  A party wishing to file a document containing the personal information specified above may move for leave to file an unredacted document under seal.  (E-Government Act of 2002, Pub. L. No. 107-347).  If the court grants the motion, the court will retain the paper document as part of the record. In granting the motion, the assigned judge may require the party to file a redacted copy for the public file.

## INSTRUCTIONS FOR FORMS USED FOR FILING SPECIFIC CASES

*The next few pages include directions for forms used for filing specific types of cases. Please read those instructions if you are filing papers in that type of case. Pay particular attention to privacy considerations previously discussed as you fill out the forms provided by the Court for those types of cases. Forms are available from the Clerk's Office or at <http://www.nywd.uscourts.gov>. Please note that these are not the only cases that can be filed, but are the most common ones filed. The Clerk's Office does not have forms for all the different types of cases one may wish to file, and in those instances one will have to write their own complaint.*

*A. Habeas Corpus Petitions*

*B. Social Security Appeals*

*C. Employment Discrimination Claims*

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY

NOTE:  If you are attacking a judgment which imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered.  If you have a sentence to be served in the future under a federal judgment which you wish to attack, you should file a motion under 28 U.S.C. § 2255 in the federal court which entered the judgment.

Check the Western District's web site at **www.nywd.uscourts.gov** for copies of many of the Court's forms and other useful information.

### INSTRUCTIONS - READ CAREFULLY

(1)   This petition must be legibly handwritten or typewritten, and signed under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

(2)   Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)   Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

(4)   If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the Court's form motion to proceed *in forma pauperis*, setting forth information establishing your inability to pay the costs.  If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5)   Only judgments entered by one court may be challenged in a single motion.  If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6)     **You must include all grounds for relief and all facts supporting such grounds for relief in the petition you file.  You may not be permitted the opportunity to raise any claim in a second or successive habeas corpus application that was not presented in the original habeas corpus application.**  28 U.S.C. § 2254(e).

(7)     **A one-year statute of limitations applies to an application for a writ of habeas corpus; the limitations period runs from the latest of several different points in time, so you must check the statute to see which date applies to your petition**.  28 U.S.C. § 2244(d)(1).

(8)     When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court at one of the following addresses:

2 Niagara Square                                     2120 U.S. Courthouse
Second Floor                                         100 State Street
Buffalo, New York  14202                             Rochester, New York 14614
(716) 551-4211 or (716) 551-5759                     (585) 613-4000

(9)     Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## Social Security Appeals

The special packet for Social Security Appeals may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Pro Se Office, and from the Western District Court web site at <http://www.nywd.uscourts.gov>.

*Please be sure to read the privacy information discussed earlier regarding what should not be included in your appeal papers*.

Fill out the complaint form completely, supplying all requested information in the spaces provided, especially the dates of final decisions by the Social Security Appeals Council. You will need to submit a total of four copies of the complaint: one for the Court, one for the defendant, one for the United States Attorney, and one for the United States Attorney General. Be sure to sign the complaint. Keep one copy for your own personal file.

Attach copies of the Social Security Appeals Council decision and the Office of Hearings and Appeals decision to each copy of the complaint. Be sure to provide all docket numbers and courts of any prior federal cases.

Fill out the "Summons for a Civil Action" (one original and four copies) as follows:

(a)     Print your name as plaintiff;

(b)     Print "Secretary of Department of Health and Human Services" as defendant;

(c)     Since you do not have an attorney, print: (1) your own name; (2) "Pro Se" and (3) your address in the line following, "You are hereby summoned and requested to serve upon . . ."

(d)     Cross out "Plaintiff's Attorney"; and

(e)     Put "90" in the space before "days after service of this summons".

Fill out the "Civil Cover Sheet" according to these instructions:

(a)     Print your name as Plaintiff;

(b)     Print "Secretary of Health and Human Services" as Defendant;

(c)     Print "Pro Se" under Plaintiff's Attorney;

(d)     Put "United States Attorney, Buffalo, New York" as Defendant's Attorney;

(e)     Basis for Jurisdiction: check Box No. 2: U.S. Defendant;

(f)     Citizenship of Principal Parties: leave blank;

(g)     Cause of Action: "42 U.S.C. § 405(g)" and "Judicial Review of Social Security Administrative Decision";

(h)     Nature of Suit:

      (1) if your claim is for Social Security Disability, check Box No. 863:  DIWW;

      (2) if your claim is for Supplemental Security Income, check Box No. 864: SSID Title XVI.

(i)     Origin: check Box No. 1: Original Proceeding;

(j)     Requested in Complaint: leave blank;

(k)     Related Case(s) if any: if you have ever filed another federal lawsuit relating to social security benefits, write the name of the court and the docket number; and

(l)     Date and sign your name followed by "Pro Se" on the last line.


Fill out the three United States Marshal's forms according to these instructions.  Do not make any entries other than those indicated below:

(a)     Do not detach or remove any of the copies from this form;

(b)     Plaintiff:  print or type your name;

(c)     Defendant:  print or type "Secretary of Department of Health and Human Services";

(d)     Court number: leave blank

(e)     To the right of the large black arrow:

      (1)     on one form, print or type "Office of General Counsel, Social Security Administration, Room 611 Altmeyer, 6401 Security Boulevard, Baltimore, MD 21235"

      (2)     on the second form, print or type "Attorney General of the United States, Main Justice Building, 10th and Constitution Avenues NW, Washington, DC 20530"

      (3)     on the third form, print or type "United States Attorney, 138 Delaware Avenue, Buffalo, NY 14202";

(f)     Type of writ:  print or type "Summons and Complaint";

(g)     In block marked "Send Notice of Service Copy to Name and Address below", print or type your name and address; and

(h)     In block marked "Name and Signature of Attorney or Other Originator", sign your name, followed by "Pro Se", provide your telephone number and date the form.


**IMPORTANT:** If you cannot pay the  filing fee and are applying for permission to proceed as a poor person, no papers will be served upon the defendants until the District Judge has granted you permission to proceed as a poor person and directed the United States Marshal to serve the complaint.

**Title VII Employment Discrimination Cases**

The special packet for Title VII Employment Discrimination Cases may be obtained in person from the intake clerk in the Clerk's Office, by mail from the Pro Se Office, and from the Western District Court web site at <http://www.nywd.uscourts.gov>. To start an action you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should keep an additional copy of the complaint for your records.

Attach to the back of each complaint one copy each of the following documents:

a)      Original complaint filed with the EEOC
b)      Notice of Right to Sue letter from the EEOC *( make sure you include the date of the letter in the proper place on the complaint form)*
c)      Determination made by the EEOC on your charge filed there

Fill out the "Civil Cover Sheet" according to these instructions:

(a)      Print your name as Plaintiff
(b)      Print all defendants as Defendants
(c)      Print "Pro Se" under Plaintiff's Attorney
(d)      Leave Defendant's Attorney blank
(e)      Basis for Jurisdiction: Check Box No. 3: Federal Question
(f)      Cause of Action: "42 U.S.C. § 2000e-5" and "Title VII Action"
(g)      Nature of Suit, check Box No. 442: Civil Rights Employment.
(h)      Origin: check Box No. 1: Original Proceeding
(i)      Under "Citizenship of Principal Parties," leave blank
(j)      Date, and sign your name, followed by "Pro Se" on the last line.

It is not requested that you attach "exhibits," other than those required above. If you do, however, you must submit enough copies for all the complaint copies. Otherwise, they will not be served on the defendants.

Requests for assigned counsel may be made pursuant to 42 U.S.C. Section 2000e-5(f)(1). However, assignment of counsel is within the discretion of the judge and will generally only be made where the judge believes a lawyer is necessary.

**IMPORTANT:** If you cannot pay the filing fee and are applying for permission to proceed as a poor person, no papers will be served upon the defendants until the District Judge has granted you permission to proceed as a poor person and directed the United States Marshal to serve the complaint.